UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN RIVERA,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK ET AL.,

                    Defendants.

25-CV-10342 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action, asserting claims under federal and state law arising from his arrest and prosecution, and media coverage surrounding the events giving rise to his arrest. Named as Defendants are the City of New York; the New York City Police Department ("NYPD"); five John Doe NYPD officers; confidential informant Richard Roe; Daily news, L.P.; John Doe Media Entities 1-5; New York Post; ABC7 New York; Straus News; and "Other John Doe Print, Digital, and Broadcast Entities 1-10." (ECF 1, at 6.) Plaintiff has filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction requesting preliminary injunctive relief. (ECF 8.)

To obtain such preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). "To satisfy the irreparable harm requirement, [a plaintiff] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be

remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir.2007) (internal quotation marks omitted). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.,* 409 F.3d 506, 510 (2d Cir. 2005). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Id.* (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate that he is entitled to preliminary injunctive relief. In his motion, Plaintiff seeks an order enjoining Defendants from, among other things, "[c]ontacting Plaintiff directly except through counsel or as authorized by the Court"; "[e]ngaging in surveillance, harassment, intimidation, false arrest, malicious prosecution, or retaliation against Plaintiff or his family"; "[d]isseminating new false or defamatory statements about Plaintiff"; and "[a]pproaching Plaintiff's residence, place of work, or his children's schools, except as reasonably necessary for lawful non-retaliatory purposes approved by the Court." (ECF 8, at 3-4.)

Plaintiff's sole allegation in support of the preliminary relief he seeks is that, since his arrest, he has been subject to "continuing retaliation, surveillance, intimidation, and public defamation by Defendants and their agents, including but not limited to hostile encounters, threatening conduct near Plaintiff's home, and attempts to chill Plaintiff's exercise of his legal rights." (*Id.* at 2.) This allegation consists entirely of conclusory assertions. Plaintiff offers no specific facts about what Defendants did to retaliate against him, or intimidate, surveil, or

threaten him.[1] Nor does he allege which of the various defendants committed these acts. Plaintiff's vague assertions are insufficient to establish a right to preliminary injunctive relief.

To the extent Plaintiff seeks to enjoin the defendant media companies from disseminating allegedly defamatory statements about him, he does not demonstrate that any such harm is actual and imminent, rather than speculative. In the complaint, Plaintiff alleges that the media company defendants defamed him in a series of articles that were published between July 12 and July 29, 2024, more than a year and four months before he filed this action. (*See* ECF 1, at 13-23.) He alleges no facts demonstrating that any such defamation is ongoing or that he is in actual and imminent danger of being defamed again.

Accordingly, Plaintiff's request for an order to show cause (ECF 8) is denied. The claims in Plaintiff's complaint will be addressed in due course.

### CONCLUSION

Plaintiff's request for an order to show cause (ECF 8) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[1] To the extent Plaintiff's allegations of retaliation and intimidation relate to his claims for malicious prosecution, he cannot state a viable claim at this time. To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Even if Plaintiff could satisfy the first three prongs of the standard, because his prosecution is ongoing, he cannot establish that the prosecution was terminated in his favor.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 2, 2026
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge