UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN RIVERA,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK, ET AL.,

                    Defendants.

25-CV-10342 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action against the City of New York, New York City Police

Department officers, and numerous private media entities, asserting claims under federal and

state law arising from his arrest and prosecution and the associated media coverage. By order

dated January 2, 2026, the Court denied Plaintiff's motion for a temporary restraining order and

preliminary injunction. (ECF 10.) On January 15, 2026, Plaintiff filed a notice of interlocutory

appeal to the United States Court of Appeals for the Second Circuit. (ECF 11.) That appeal is

pending. *See Rivera v. City of New York*, No. 26-126 (2d Cir.).

On May 13, 2026, Plaintiff filed, in this court, a motion requesting that the Court issue an

order directing the United States Marshals Services ("USMS") to effectuate service on

Defendants. (ECF 16.) For the reasons set forth below, the Court denies Plaintiff's motion.

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it

confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459

U.S. 56, 58 (1982); *see also Retirement Bd. of Policemen's Annuity & Ben. Fund v. Bank of New*

*York Mellon*, 297 F.R.D. 218, 220-21 (S.D.N.Y. 2013) ("[A]n interlocutory appeal, unless

frivolous, generally divests the district of court of jurisdiction respecting the issues raised and

decided in the order on appeal." (internal quotation marks omitted, citing, *inter alia*, *Griggs*, 459 U.S. at 58)). Here, Plaintiff has filed a notice of interlocutory appeal respecting the issues presented in his complaint, and that appeal is pending. This Court, therefore, is divested of jurisdiction of the issues raised in Plaintiff's complaint at this time. Because the Court lacks jurisdiction, it denies Plaintiff's motion requesting that the USMS effectuate service on Defendants.

In addition, Plaintiff is proceeding with the action *in forma pauperis* ("IFP"). Under the IFP statute, the court must screen every IFP complaint, and dismiss any complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court did not complete its screening of the complaint before Plaintiff filed his interlocutory appeal, and, therefore, has not issued summonses or directed that Defendants be served. When jurisdiction of this action is returned to this Court, the Court will complete its screening of the complaint, and, if appropriate, direct that summonses be issued and that the USMS effectuate service on Defendants.

### CONCLUSION

The Court denies Plaintiff's motion to direct the USMS to serve Defendants for lack of jurisdiction. (ECF 16.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 15, 2026
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge