UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN RIVERA,

Plaintiff,

-v.-

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; JOHN DOE 1-5 (NYPD Officers and/or Members of Multi-State Task Force); RICHARD ROE (Confidential Informant); DAILY NEWS, L.P.; JOHN DOE MEDIA ENTITIES 1-5; NEW YORK POST; ABC7 NEW YORK; STRAUS NEWS (OURTOWN, WEST SIDE SPIRIT; CHELSEA NEWS); and OTHER JOHN DOE PRINT, DIGITAL, AND BROADCAST ENTITIES,

Defendants.

25 Civ. 10342 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law. By order dated December 22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Dkt. #9).[1] For the reasons set forth below, the Court: (i) dismisses Plaintiff's claims against the New York City Police Department

[1] Plaintiff filed the complaint initiating this action on December 10, 2025. On December 18, 2025, he filed a motion for a temporary restraining order and preliminary injunction, which motion Chief Judge Laura Taylor Swain denied by order dated January 2, 2026. (Dkt. #10). On January 15, 2026, Plaintiff filed a notice of interlocutory appeal to the United States Court of Appeals for the Second Circuit, divesting this Court of jurisdiction. (Dkt. #11). By order dated August 24, 2026, the Second Circuit dismissed Plaintiff's appeal as frivolous. The Circuit's mandate, restoring this Court's jurisdiction, was issued on September 15, 2026. (Dkt. #18 (mandate dismissing the appeal because it "lacks an arguable basis either in law or fact" (citation omitted))). The action was subsequently reassigned to the undersigned.

("NYPD"); (ii) directs the City of New York to assist Plaintiff and the Court, under *Valentin* v. *Dinkins*, in identifying the John Doe NYPD officers and confidential informant he seeks to sue;[2] (iii) denies Plaintiff's application for the Court to request *pro bono* counsel, without prejudice to renewal at a later time ("Motion for Counsel" (Dkt. #6)); and (iv) denies Plaintiff's request to join certain additional defendants and permits Plaintiff to amend his complaint ("Motion for Joinder" (Dkt. #15)).

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston* v. *Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (citing *Pabon* v. *Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

---

2 Because Plaintiff alleges no facts about the John Doe media entities he seeks to sue, the Court declines to issue a *Valentin* order as to these defendants at this time.

## DISCUSSION

### A. Claims Against the NYPD

Plaintiff names the NYPD as a defendant in this action. The New York City Charter, however, does not authorize the NYPD to be sued in its own name — that is, it is not a suable entity. *See* N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *id.* at §§ 431-438 (establishing powers of the NYPD); *Edwards* v. *Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter."); *Jenkins* v. *City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City.").

The Court therefore dismisses Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court construes Plaintiff's claims against the NYPD as being asserted against the City of New York, which is already a named defendant in this action.

### B. *Valentin* Order

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to

identify the John Doe NYPD officers and confidential informant involved in Plaintiff's August 11, 2025 arrest and subsequent prosecution.[3]

It is therefore ORDERED that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the identity and, if applicable, the badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[4] The Law Department must provide this information to Plaintiff and the Court within sixty (60) days of the date of this Order.

Within thirty (30) days of receiving this information, Plaintiff must file an amended complaint naming the newly identified John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking them to waive service.

### C. Motion for Counsel

On December 10, 2025, Plaintiff filed his Motion for Counsel, requesting that the Court appoint *pro bono* counsel. (Dkt. #6). The factors to be considered in ruling on an indigent litigant's request for counsel include the

[3] The identity of the confidential informant may be provided under seal or in accordance with the appropriate protocols.

[4] If the Doe defendant is a current or former NYPD employee or official, the Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants.

merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper* v. *A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge* v. *Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to its renewal at a later date.

**D. Motion for Joinder**

On April 21, 2026, Plaintiff filed his Motion for Joinder, seeking to join several additional defendants under Rule 20(a)(2), and for leave to assert additional claims under Rule 15(a)(2). (Dkt. #15). The additional defendants are Yahoo! Inc., Yahoo News, the New York Daily News and its parent entities, John Annese, and John Doe Media Defendants 1-10, who are unknown editors, publishers, and distributors purportedly responsible for a defamatory article regarding Plaintiff (collectively, "Additional Media Defendants"). (*Id.*). In the alternative, Plaintiff requested leave to amend his complaint under Rule 15. (*Id.* at 6).

Federal Rule of Civil Procedure 20 specifies that defendants can be joined in an action when (i) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (ii) "any question of law or fact common to all defendants will arise in the action." Fed.

R. Civ. P. 20; *see Harnage* v. *Lightner*, 916 F.3d 138, 142 (2d Cir. 2019). Absent a "connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient by itself to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Deskovic* v. *City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (internal quotation marks omitted and alteration adopted) (quoting *Pergo, Inc.* v. *Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003)).

Based on Plaintiff's initial pleadings, the Court is skeptical that there are any common transactions, occurrences, questions of law or fact, warranting joinder of the Additional Media Defendants. Plaintiff has claimed injuries arising from three events: (i) the July 12, 2024 shooting in Thompkins Square Park, (ii) the August 11, 2025 purported false arrest near his family residence, and (iii) the subsequent purportedly defamatory statements made by various press outlets. (Dkt. #1). Neither Plaintiff's initial pleadings, nor his Motion for Joinder, make clear what relationship the Additional Media Defendants have, if any, to the first or second events, which principally involve Defendants the City of New York, John Doe 1-5, and Richard Roe (the "NYPD Defendants").

For similar reasons, the Court is skeptical that the claims asserted against the NYPD Defendants and the remaining defendants (the "Media Defendants," including Daily News, L.P., John Doe Media Entities 1-5, New York Post, ABC7 New York; Straus News (Ourtown, West Side Spirit, Chelsea News, and other John Doe Print, Digital, and Broadcast Entities), are properly joined. Under Rule 21, the Court may "at any time [and] on just terms, add or

drop a party" as misjoined. *See* Fed. R. Civ. P. 21; *see Banks* v. *United States Postal Serv.*, No. 25 Civ. 925 (RA), 2025 WL 3763555, at *3 (S.D.N.Y. Dec. 30, 2025). However, because Plaintiff has not yet served any of the Defendants in this case, he is entitled to amend his complaint as a matter of right. *See* Fed. R. Civ. P. 15(a)(1); *Adams* v. *City of New York*, No. 25 Civ. 4358 (LTS), 2026 WL 821426, at *5 (S.D.N.Y. Mar. 25, 2026) ("Rule 15 of the Federal Rules of Civil Procedure allows a plaintiff, before service of the summons and complaint on defendants, to amend the complaint once as a matter of course.").

Thus, the Court denies Plaintiff's request to join the Additional Media Defendants, but grants Plaintiff leave to amend his complaint.[5] If Plaintiff wishes to exercise his right to amend, the Court encourages Plaintiff to address in his amended complaint why his claims against the NYPD Defendants and the Media Defendants are properly joined under Rule 20. Should Plaintiff decide to add the Additional Media Defendants to his amended complaint, the Court encourages Plaintiff to similarly explain why the Additional Media Defendants are properly joined.

**CONCLUSION**

For the reasons explained above, the Court DISMISSES Plaintiff's claims against the NYPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[5] Given the Court's directives pursuant to *Valentin* v. *Dinkins*, 121 F.3d 72 (2d Cir. 1997), Plaintiff may find it advisable to delay amending his complaint until after the Law Department provides identifying information concerning the NYPD Defendants.

The Clerk of Court is directed to electronically notify the New York City Police Department and the New York City Law Department of this Order. The Court requests that the City of New York waive service of summons and that the New York City Law Department respond as directed in this Order, pursuant to *Valentin*.

Plaintiff's Motion for Counsel is DENIED without prejudice to its renewal at a later date.

Plaintiff's Motion for Joinder is GRANTED IN PART and DENIED IN PART. The Court denies Plaintiff's request to join the Additional Media Defendants in this action, but grants Plaintiff's leave to amend his complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is hereby directed to terminate the motions at docket entries 6 and 15. The Clerk of Court is further directed to mail this Order and an information package to Plaintiff.

SO ORDERED.

Dated: September 29, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge